**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 20-2343**

---

HIGINIO BADILLO-PEREZ,

       Petitioner,

   v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: February 28, 2022                   Decided: April 12, 2022

---

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:** Steven C. Planzer, CASTANEDA PLANZER LLC, Salisbury, Maryland, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, Andrew Oliveira, Trial Attorney, Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Higinio Badillo-Perez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) denial of Badillo-Perez's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). In denying cancellation of removal, the IJ found, in relevant part, that Badillo-Perez failed to show that his removal would result in exceptional and extremely unusual hardship to his minor daughter, who is a United States citizen. *See* 8 U.S.C. § 1229b(b)(1)(D). This determination is reviewable as a mixed question of law and fact. *Gonzalez Galvan v. Garland*, 6 F.4th 552, 559-60 (4th Cir. 2021). Upon review of the administrative record and the arguments advanced by Badillo-Perez, we discern no error in the agency's dispositive hardship determination.

In addition, we reject Badillo-Perez's due process challenge based on the IJ's alleged failure to comply with 8 C.F.R. § 1240.1(b) (2021). As relevant here, the IJ who presided over the merits hearing and ruled on Badillo-Perez's cancellation motion was the third IJ to handle Badillo-Perez's case. Under 8 C.F.R. § 1240.1(b), when an IJ is newly assigned to an ongoing matter, the IJ "shall state for the record that he or she has" "familiarize[d] himself or herself with the record in the case." Even assuming that the IJ ran afoul of this regulation, Badillo-Perez fails to establish prejudice. *See Rusu v. U.S. I.N.S.*, 296 F.3d 316, 320 (4th Cir. 2002) ("In order to prevail on a due process challenge to a deportation or asylum hearing, an alien must demonstrate that he was prejudiced by any such violation.").

2

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED